UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID SMITH, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:14-CV-405-RLM-SLC |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| DEFENDANT. ) | |

OPINION and ORDER

This matter is before the court on a motion to dismiss filed by defendant Carolyn W. Colvin, Acting Commissioner of Social Security. The Commissioner says plaintiff David Smith's case is untimely filed, so dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Mr. Smith, who opposes the motion, seeks judicial review, under 42 U.S.C. § 1383(c)(3), of the Commissioner's final decision denying his application for supplemental security income. In November 2011, Mr. Smith applied for supplemental security income; in August 2013, the Administrative Law Judge issued a decision that concluded that Mr. Smith wasn't disabled and denied his claim for benefits. The Appeals Council denied Mr. Smith's request for review of the ALJ's decision on April 10, 2014. The Appeals Council's decision to deny an individual's request for review of the ALJ's decision is the Commissioner's final decision, 20 C.F.R. § 404.981, and subject to judicial review under 42 U.S.C. § 405(g).

When evaluating a Rule 12(b)(6) motion to dismiss, the court must interpret the well-pleaded allegations in the complaint to be true and draw all inferences in favor of the non-moving party. In re marchFIRST Inc., 589 F.3d 901, 904 (7th Cir. 2009). Because Mr. Smith is *pro se*, the court must construe his complaint liberally and hold his pleadings are held to a less stringent standard. Henderson v. Sheahan, 196 F.3d 839, 845-846 (7th Cir. 1999) (*quoting* Haines v. Kerner, 404 U.S. 519, 520 (1972)). Dismissal on Rule 12(b)(6) grounds is only appropriate for a *pro se* complaint "if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. at 846 (*quoting* Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The timeliness of Mr. Smith's suit depends on the date the Notice of Appeals Council Action was sent to him. The notice contained the Appeals Council's decision denying Mr. Smith's request for review of the ALJ's decision. Mr. Smith's complaint didn't include a copy of the notice, but the Commissioner submitted a copy with its dismissal motion (Doc. No. 15-1 at 25-29). When a defendant submits pertinent documents with a motion to dismiss, the documents "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993). The notice contains the Commissioner's final decision on Mr. Smith's application for supplemental security income – a prerequisite for Mr. Smith's suit to be before the court, 42

U.S.C. § 405(g)-(h), and the decision that Mr. Smith appeals. The notice is central to Mr. Smith's claim and the court can consider it.

A person must commence a civil action for judicial review of the Commissioner's final decision "within sixty days after the mailing to him of notice of such decision." 42 U.S.C. § 405(g). The sixty-day time period begins when the individual receives the notice, 20 C.F.R. §§ 404.981, 422.210(c), which is presumed to happen five days after the date on the notice. 20 C.F.R. §§ 404.901, 422.210(c). The Notice of Appeals Council Action for Mr. Smith's review request is dated April 10, 2014, so the date of receipt is presumed to be April 15. The sixty days are calculated from the next day, April 16, which means Mr. Smith had until June 16 to file suit. He filed his complaint on December 29, 2014 – six months late.

The presumption of receipt within five days can be overcome by a reasonable showing that the notice was received on a later date. 20 C.F.R. §§ 404.901, 422.210(c). On his form complaint, Mr. Smith filled in "09/08/14" for the date on which the Appeals Council denied his application. In his response to the motion to dismiss, however, Mr. Smith doesn't mention the September date written on the complaint, the date on which he actually received the notice, or the timeliness of his suit in general. Instead, he tells the court that he first filed for social security/disability benefits seven years ago and he has been denied benefits several times. He then summarizes why he believes that he is entitled to benefits. The court must generously construe Mr. Smith's *pro se* filings and

interpret his well-pleaded allegations to be true at the motion to dismiss stage. But Mr. Smith doesn't explain the discrepancy between what he claims to be the date of denial in the complaint and the date of denial reflected on the copy of the actual notice. Mr. Smith hasn't made a reasonable showing that he received the Notice of Appeals Council Action on a date later than five days following the date on the notice. *Cf.* Krontz v. Astrue, No. 1:07-CV-303, 2008 WL 2518624, at *3 (N.D. Ind. June 20, 2008) (copy of fax the individual sent to the Commissioner inquiring about her request for an extension of time was sufficient evidence to rebut the presumption that she had received the notice of extension five days after it was dated).

Mr. Smith's complaint was filed six months too late, so the court GRANTS the Commissioner's Rule 12(b)(6) motion to dismiss (Doc. No. 15) for failure to state a claim and DIRECTS the clerk to enter judgment for the defendant.

SO ORDERED.

ENTERED: July 29, 2015

/s/ Robert L. Miller, Jr.
Judge
United States District Court